281 S.W.3d 747 (2008)
M.H., A Juvenile, Petitioner,
v.
STATE of Arkansas, Respondent.
No. 08-312.
Supreme Court of Arkansas.
April 3, 2008.
*748 William M. Pearson, Clarksville, for petitioner.
No response.
PER CURIAM.
On June 6, 2007, Petitioner M.H. was found guilty of rape and adjudicated delinquent in the Circuit Court of Franklin County, Arkansas. Petitioner was represented at trial by Franklin County Public Defender, William M. Pearson. No appeal was taken from the judgment, and Petitioner now seeks to proceed with a belated appeal pursuant to Rule 2(e) of the Arkansas Rules of Appellate Procedure-Criminal, which permits a belated appeal in some instances.
Petitioner's parents claim that they were neither advised of their constitutional right to appeal the decision of the circuit court, nor were they advised of any time constraints for filing a notice of appeal. Petitioner's parents assert that when they inquired about an appeal, Mr. Pearson stated he would not be filing an appeal. Petitioner's parents subsequently retained private counsel to advise them of their rights on appeal, but the deadline for filing an appeal under Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Criminal had passed. Petitioner, through private counsel, now brings this motion for belated appeal and motion for anonymity.
Under Ark. R.App. P.-Crim. 16, Mr. Pearson is required to represent Petitioner until he has been relieved as counsel by the trial court or by a state appellate court. Specifically, Rule 16(a) provides as follows:
(a) Trial counsel, whether retained or court-appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.
A defendant may waive his right to appeal by his failure to inform counsel of his desire to appeal within the thirty-day period allowed for filing a notice of appeal under Ark. R.App. P.-Crim. 2(a)(4); Jones v. State, 294 Ark. 659, 748 S.W.2d 117 (1988) (per curiam).
In the present case, there is no order in the record relieving Mr. Pearson as counsel. Nor is there evidence that Petitioner requested Mr. Pearson to file an appeal within the required time period. Therefore, proper disposition of the motion for belated appeal in this case requires findings of fact which must be made by the circuit court.
We remand this matter for an evidentiary hearing on the issue of whether Petitioner informed Mr. Pearson of the desire for an appeal within the time period allowed for filing a notice of appeal. The circuit court is directed to enter Findings of Fact and Conclusions of Law within ninety days and submit the findings and conclusions to this court with the transcript of the evidentiary hearing.
Remanded to the circuit court for evidentiary hearing.